Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **FRANCES M. DÍAZ FOSSÉ**<br><br>Peticionaria<br><br>v.<br><br>**JAVIER RIVERA GUILLAMA**<br><br>Recurrido | KLCE202400952 | **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **Bayamón**<br><br>Caso Núm.:<br>**DDI2027-1344 (4001)**<br><br>Sobre: **DIVORCIO** |

Panel integrado por su presidenta la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 8 de octubre de 2024.

Comparece ante nos, Frances Díaz Fossé, en adelante, Díaz Fossé o apelante, mediante recurso de *"Certiorari"*, el cual acogemos como apelación, por tratarse de un dictamen que provee finalidad a una controversia. *Figueroa v. Del Rosario*, 147 DPR 121, 126-127 (1998). Sin embargo, conservaremos la designación alfanumérica asignada para propósitos administrativos. En su escrito, la apelante nos solicita que revisemos la *"Resolución"* notificada el 14 de junio de 2024 por el Tribunal de Primera Instancia, Sala de Relaciones de Familia y Asuntos de Menores de Bayamón, en adelante, TPI-Bayamón. En el dictamen apelado, el Foro Primario acogió las recomendaciones de un informe social, y estableció los arreglos de custodia para las tres (3) menores de edad, hijas de las partes.

Por los fundamentos que expondremos a continuación, *desestimamos* el recurso *por falta de jurisdicción*.

# I.

El 16 de noviembre de 2017, Díaz Fossé incoó una *"Demanda"* de divorcio por ruptura irreparable contra Javier Rivera Guillama, en adelante, Rivera Guillama o apelado.[1] El 8 de enero de 2018, Rivera Guillama presentó su *"Contestación a Demanda"*.[2] El 2 de febrero de 2018 se celebró una vista en su fondo al respecto, y el TPI-Bayamón notificó una *"Sentencia"* el 7 de febrero de 2018.[3] En su dictamen, el Foro Apelado declaró "Ha Lugar" la demanda de divorcio, y determinó que la custodia de las menores de edad I.R.D., L.R.D. y V.R.D. la ejercería Díaz Fossé, y la patria potestad sería compartida.[4]

Unos años más tarde, el 9 de mayo de 2023, Rivera Guillama presentó una *"Solicitud de Custodia Compartida a Tiempo Igual"*.[5] El 2 de junio de 2023, el TPI-Bayamón emitió una orden a la Unidad Social de Relaciones de Familia y Asuntos de Menores del Foro Apelado, en adelante, para que llevara a cabo una evaluación social forense. El 17 de julio de 2023, Díaz Fossé radicó una *"Moción Urgente en Oposición a Cambio en Relaciones-Filiales y para que se Emita Orden"*.[6] Sobre este particular, se celebró una vista el 26 de septiembre de 2023.[7]

Finalmente, el 11 de enero de 2024, la Unidad Social presentó el *"Informe Social Sobre Custodia"*.[8] Posteriormente, el TPI-Bayamón notificó una *"Resolución"* el *14 de junio de 2024*.[9] En la misma, determinó que la custodia de las menores I.R.D. y L.R.D. sería compartida entre la apelante y el apelado.[10] Además, delimitó el plan

---

[1] Apéndice del recurso, pág. 1.
[2] *Id.* pág. 3.
[3] *Id.* págs. 8-10.
[4] *Id.* pág. 11.
[5] *Id.* pág. 12.
[6] Apéndice del recurso, pág. 33.
[7] *Id.* pág. 50.
[8] *Id.*
[9] Apéndice del escrito en oposición, pág. 1.
[10] *Id.* pág. 2.

filial sobre la custodia compartida, entre otras consideraciones. Sin embargo, el *24 de junio de 2024*, a petición del apelado, el Foro Primario emitió una *"Resolución Enmendada Nunc Pro Tunc"*, a los fines de añadir a la menor V.R.D. a la misma.[11]

Ahora bien, el 9 de julio de 2024, Díaz Fossé presentó una *"Solicitud de Reconsideración"* ante el Foro Primario.[12] Por su parte, Rivera Guillama se opuso a la misma el 29 de julio de 2024.[13] Finalmente, el 5 de agosto de 2024, el TPI-Bayamón emitió una *"Resolución"* en la que declaró "No Ha Lugar" la reconsideración solicitada por la apelante.[14]

Inconforme, el 4 de septiembre de 2024, Díaz Fossé presentó el recurso que nos ocupa, haciendo el siguiente señalamiento de error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL EMITIR RESOLUCIÓN MODIFICANDO LA CUSTODIA DE LAS MENORES Y FIJANDO NUEVAS RELACIONES FILIALES SIN LA CELEBRACIÓN DE VISTA EN SU FONDO, EN VIOLACIÓN AL DEBIDO PROCESO DE LEY.

El 9 de septiembre de 2024, a requerimiento de este Tribunal, la apelante sometió ante nuestra consideración el apéndice a su recurso. El 19 de septiembre de 2024, mediante *"Resolución"*, concedimos a la parte apelada un término de diez (10) días para presentar su posición en cuanto al recurso, de conformidad con la Regla 37 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 37. Finalmente, el 30 de septiembre de 2024, Rivera Guillama radicó su *"Oposición a la Expedición del Auto por falta de jurisdicción entre otros fundamentos"*. De esta manera, quedó perfeccionado el expediente, por lo que procedemos a expresarnos.

---

[11] Apéndice del recurso, pág. 158.
[12] *Id*. pág. 160.
[13] *Id*. pág. 162.
[14] *Id*. pág. 172.

**II.**

### A. Jurisdicción

La jurisdicción de un Tribunal consiste en la autoridad o facultad que tiene para atender y adjudicar una controversia. *R&B Power Inc. v. Junta de Subasta ASG*, 2024 TSPR 24, 213 DPR ___ (2024); *Matos, Sostre v. Registradora*, 2023 TSPR 148, 213 DPR ___ (2023); *FCPR v. ELA et al.*, 211 DPR 521, 529 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 372 (2018); *Shell v. Srio. Hacienda*, 187 DPR 109, 122 (2012). Los asuntos relevantes a la jurisdicción requieren prontitud y preferencia en su manejo. *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 372 (2018); *Horizon v. Jta. Revisora, RA Holdings,* 191 DPR 228, 233–234 (2014); *Muns. Aguada y Aguadilla v. JCA*, 190 DPR 122, 131 (2014); *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012). Por eso, es norma reiterada que los tribunales deben ser celosos guardianes de su jurisdicción, pues "no tienen discreción para asumir jurisdicción allí donde no la tienen". *Peerless Oil v. Hnos. Torres Pérez*, supra, pág. 250, citando a *SLG. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

Por su severidad y las graves repercusiones que redundan para el promovente de una causa de acción, la desestimación de un recurso apelativo constituye una sanción de último recurso. *Salinas v. S.L.G. Alonso*, 160 DPR 647, 656 (2003). Por ello, cuando el foro intermedio pretende aplicar dicho mecanismo a un recurso sometido a su consideración, debe ponderar su proceder y cerciorarse de que el incumplimiento del apelante ha constituido un impedimento real para el ejercicio efectivo de su función revisora.

***La falta de jurisdicción es un defecto que no puede ser subsanado.*** *Lozada Sánchez et al. v. JCA.*, 184 DPR 898, 909 (2012). Nuestro Alto Foro ha expresado que, ante la ausencia de

jurisdicción, la única vía en derecho "es así declararlo y desestimar el caso". *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 355 (2003).

Relativo al caso de autos, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, dispone que:

> [...]
> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
> 1. ***que el Tribunal de Apelaciones carece de jurisdicción;***
> 2. que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
> 3. que no se ha presentado o proseguido con diligencia o buena fe;
> 4. que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;
> 5. que el recurso se ha convertido en académico.
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación, o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.
> [...]
> (Énfasis suplido).

### B. Enmiendas Nunc Pro Tunc

La Regla 49.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.1, permite que un tribunal corrija los *errores de forma* en las sentencias, órdenes u otras partes del expediente y los que aparezcan en éstas por inadvertencia u omisión. *Otero Vélez v. Schroder Muñoz*, 200 DPR 76, 91 (2018); *Velez v. AAA*, 164 DPR 772, 791 (2005); *SLG Coriano-Correa v. Kmart Corp.*, 154 DPR 523, 530 (2001). Lo anterior se hace mediante una enmienda *nunc pro tunc* en cualquier tiempo, a su propia iniciativa, o a moción de cualquier parte, previa notificación, si ésta se ordena. *Otero Vélez v. Schroder Muñoz*, supra, pág. 91. El Tribunal Supremo ha reiterado que las enmiendas encaminadas a corregir este tipo de error "*se retrotraen*

a la fecha de la sentencia o resolución original". *Otero Vélez v. Schroder Muñoz*, supra, pág. 91; *Velez v. AAA*, supra.

Sin embargo, una enmienda *nunc pro tunc* no procede para corregir errores de derecho en aras de evitar afectar derechos sustantivos de las partes. Id. La cuestión para ser enmendada no puede conllevar la alteración de un derecho sustantivo, sino corregir una mera inadvertencia. Id. Si la enmienda altera la sustancia o esencia de la decisión original, ésta se considera una nueva sentencia y es a partir de su notificación que comienzan a transcurrir los términos para solicitar reconsideración o acudir en revisión judicial. *S.L.G. Coriano-Correa v. K-mart Corp.,* supra, pág. 530.

### C. Reconsideración

Es harto conocido que los foros judiciales tienen la facultad de reexaminar o reconsiderar sus dictámenes, siempre que ostenten la jurisdicción sobre el caso. *Div. Empleados Públicos UGT v. CEMPR*, 212 DPR 742, 748 (2023); *Pueblo v. Rivera Ortiz*, 209 DPR 402, 422-423 (2022); *Pueblo v. Silva Colón*, 184 DPR 759, 778 (2012).

La Regla 47 de Procedimiento Civil, supra, 32 LPRA Ap. V, R. 47, es la disposición estatutaria que regula esta función judicial. Con relación a las solicitudes de reconsideración, la precitada Regla dispone lo siguiente:

> La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá, ***dentro del término jurisdiccional de quince (15) días*** desde la fecha de archivo en autos de copia de la notificación de la sentencia, presentar una moción de reconsideración de la sentencia.
> [...]
> Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.

Id. (Énfasis suplido).

Los procesos de revisión ante los Tribunales deben seguir el orden establecido por las Reglas de Procedimiento Civil, supra. La parte afectada en una sentencia puede apelarla ante el Tribunal de Apelaciones, como también puede presentar ante el foro originario una reconsideración.

La Regla en cuestión dispone que, una vez presentada la reconsideración ante el Tribunal de Primera Instancia, los demás términos para recurrir quedan interrumpidos. *Div. Empleados Públicos UGT v. CEMPR*, supra; *Marrero Rodríguez v. Colón Burgos*, 201 DPR 330, 337-338 (2018). Los términos para recurrir a un foro superior, en estos casos, comienzan a cursar cuando el Tribunal de Primera Instancia archive en autos copia de la notificación de la resolución en la que resuelva la reconsideración. *Div. Empleados Públicos UGT v. CEMPR*, supra; *Marrero Burgos v. Colón Rodríguez*, supra, pág. 338.

### III.

Díaz Fossé recurre ante nos para impugnar una determinación del Foro Primario, con relación a los arreglos de custodia sobre las hijas que comparte con Rivera Guillama. Arguye que el TPI-Bayamón se equivocó al tomar una determinación, sin la celebración de vista, en violación al debido proceso de ley. Sin embargo, nos vemos obligados a abstenernos de intervenir en el caso de marras.

Como explicáramos previamente, las enmiendas emitidas por el Tribunal de carácter *nunc pro tunc* son aquellas que se hacen para corregir errores de forma, cometidos por error o inadvertencia, y que necesitan aclaración. Sin embargo, por no constituir errores de derecho, no inciden en la materia sustantiva de los dictámenes judiciales. Es por eso que, ***a diferencia de sentencias o***

***resoluciones propiamente enmendadas por errores de derecho, estas se retrotraen a la fecha del dictamen original.***

En el caso de autos, el Foro Apelado notificó una *"Resolución"* el *14 de junio de 2024*, con relación al acuerdo de custodia entre las partes. Sin embargo, no incluyó a la menor V.R.D. Por eso, el 24 de junio de 2024, a petición del apelado, emitió una *"Resolución Enmendada Nunc Pro Tunc"*, para así añadirla. ***Esto es un error de hecho o de forma, y no de derecho***. Por todo lo cual, el término de quince (15) días que la apelante tenía para solicitar la reconsideración de la misma se retrotrae a la Resolución original, con fecha del 12 de junio de 2024, la cual fue notificada el *14 de junio de 2024*. Es decir, el término jurisdiccional para presentar la reconsideración venció el *1 de julio de 2024*. Sin embargo, la apelante presentó la misma el *9 de julio de 2024*, ocho (8) días más tarde.

El efecto de esto fue que el término para recurrir ante el Tribunal de Apelaciones nunca fue interrumpido. Los treinta (30) días jurisdiccionales para recurrir ante esta Curia vencieron el *15 de julio de 2024*. No es hasta el *4 de septiembre de 2024* que Díaz Fossé radicó su recurso ante nos.

**IV.**

Por los fundamentos antes expuestos, *desestimamos el recurso, por falta de jurisdicción por tardío.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones