Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| JOSÉ ANGEL RAMOS RIVERA<br><br>*Apelante*<br><br><br>v.<br><br><br><br>NOEMI CRUZ BURGOS<br><br>*Apelada* | KLCE202401162 | *Certiorari*[1] acogido como Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm.:<br>C DI2012-0053<br>D AL2008-1197<br><br>Sobre:<br>Divorcio |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

## SENTENCIA

En San Juan, Puerto Rico, a 4 de diciembre de 2024.

El señor José A. Ramos Rivera (señor Ramos Rivera o apelante), presentó el recurso de epígrafe el 24 de octubre de 2024. En este, solicitó que revoquemos la *Resolución* emitida el 16 de septiembre de 2024 y notificada el 26 de septiembre de 2024[2], por el Tribunal de Primera Instancia, Sala Superior de Arecibo (TPI o foro primario). Mediante esta, el foro primario ordenó mantener el mismo pago de pensión para dos de los hijos mayores de edad del apelante hasta que el examinador de pensiones alimentarias prepare un informe con recomendaciones relacionadas a una nueva pensión alimentaria.

Por los fundamentos que expondremos a continuación, *desestimamos* el recurso presentado, puesto que este foro apelativo

---

[1] Las determinaciones sobre pensiones alimentarias, incluyendo aquellas en las que se modifican o intentan modificar dictámenes finales previos, constituyen propiamente sentencias de las cuales se puede interponer un recurso de apelación. *Otero Vélez v. Schroder Muñoz*, 200 DPR 76, 86 (2018); *Cortés Pagán v. González Colón*, 184 DPR 807, 815 (2012); *Figueroa v. Del Rosario*, 147 DPR 121, 129 (1998). Por ello, acogemos el presente recurso de *certiorari* como una apelación, por ser el mecanismo adecuado para la revisión de la determinación recurrida. Sin embargo, por motivos de economía procesal, conservamos la designación alfanumérica asignada por la Secretaría de este Tribunal.
[2] Véase, Apéndice 2 del recurso.

Número Identificador

SEN2024_____

carece de jurisdicción sobre la controversia ante nos debido a su presentación prematura.

**I.**

La controversia esbozada en el recurso tuvo su origen el 28 de junio de 2024, cuando el señor Ramos Rivera presentó una *Moción Solicitando Relevo de Pensión Alimentaria*[3] para los hijos que procreó con Noemí Cruz Burgos (apelada). El apelante arguyó que sus hijos: Joshua Ramos Cruz, Kevin Abdiel Ramos Cruz y Naomi Nicole Ramos Cruz, habían alcanzado la mayoría de edad o la emancipación plena, por lo que, se había extinguido la obligación alimenticia para con todos sus hijos.

Así las cosas, el 16 de septiembre de 2024, se celebró una vista evidenciaria sobre alimentos. Culminada la vista, el TPI emitió *Resolución*[4]. En esta, el foro primario: (1) relevó al señor Ramos Rivera del pago de la pensión alimentaria relacionada con el joven Joshua Ramos Cruz y (2) ordenó continuar con el pago de pensión alimentaria, según establecida en la Sentencia del 18 de marzo de 2016, para los otros dos hijos mayores de edad del apelante, a saber: Kevin Abdiel Ramos Cruz y Naomi Nicole Ramos Cruz, hasta que el examinador de pensiones alimentarias prepare un informe con recomendaciones relacionadas a una nueva pensión alimentaria. A tenor con lo anterior, el TPI hizo las siguientes Determinaciones de Hechos:

1. Naomi Nicole Ramos Cruz (21 años), Kevin Abdiel Ramos Cruz (23 años) y Joshua Ramos Cruz (25 años) son hijos de la Sra. Cruz Burgos y del Sr. Ramos Rivera.

2. Naomi Nicole Ramos Cruz, luego de graduarse de escuela superior, obtuvo un certificado de *Modern Hair Style Institute* en abril de 2022. Estuvo practicando desde la residencia de la Sra. Cruz Burgos con familiares, amigos y vecinos lo aprendido en *Modern Hair Style Institute.*

3. Naomi Nicole Ramos Cruz trabajó desde el año 2023 hasta el 2024 en la *Guajataca Christian Academy.* Como

---

[3] Véase, Apéndice 3 del recurso.
[4] Véase, Apéndice 2 del recurso.

consecuencia de su trabajo recibió paga al salario mínimo (25 horas semanales).

4. Naomi Nicole Ramos Cruz hace una semana, aproximadamente, comenzó a trabajar en la escuela Joaquín Vázquez Cruz. Como consecuencia de su trabajo recibe paga al salario mínimo (25 horas semanales).

5. Naomi Nicole Ramos Cruz comenzó en el presente año a estudiar un bachillerato para ser maestra en la Universidad Interamericana de Puerto Rico en Arecibo. Las clases son virtuales y laboratorios presenciales. Las clases representan una carga académica de 6 créditos y estudia 3:30 p.m. a 10:00 p.m.

6. Naomi Nicole Ramos Cruz y Kevin Abdiel Ramos Cruz residen con la Sra. Cruz Brugos.

7. El joven Joshua Ramos Cruz no reside con la Sra. Cruz Burgos. Lleva vida independiente.

8. El joven Kevin Ramos Cruz actualmente estudia ingeniería a tiempo completo en la Universidad Interamericana de Puerto Rico en Bayamón.

9. El Sr. Ramos Rivera es sargento del Negociado de la Policía de Puerto Rico.

10. La Sra. Cruz Burgos trabaja como auxiliar en el hogar con persona mayor de edad. Trabaja 20 horas semanales al salario mínimo.

Consecuentemente, el 20 de septiembre de 2024[5], el TPI emitió una segunda *Resolución*[6] donde ratificó el relevo de pensión alimentaria con relación al joven Joshua Ramos Cruz. Mientras que, con relación a los jóvenes Kevin Abdiel Ramos Cruz y Naomi Nicole Ramos Cruz, el foro primario señaló vista de alimentos entre parientes de forma presencial para el 9 de diciembre de 2024 a las 9:30 a.m. En dicha vista, se evaluarán las necesidades de los jóvenes y la capacidad económica de ambos progenitores.

Por otra parte, el 23 septiembre de 2024, el señor Ramos Rivera presentó una *Urgentísima Reconsideración*[7], en la cual solicitó nuevamente el relevo del pago de la pensión alimentaria de sus hijos; y, el 7 de octubre de 2024, presentó otra *Urgentísima Moción al Amparo de la Regla 42.2, 43.1, 43.2 Nueva Vista*[8], en la

---

[5] Notificada el 26 de septiembre de 2024.
[6] Véase, Apéndice 1 del recurso.
[7] Véase, Apéndice 4 del recurso.
[8] Véase, Apéndice 5 del recurso.

que, una vez más, le solicitó al TPI el relevo del pago de pensión alimentaria.

El 24 de octubre de 2024, el señor Ramos Rivera acudió ante nos mediante el presente recurso y esbozó los siguientes señalamientos de error:

> **Primer Error**: Erró el Tribunal en su Resolución del 26 de septiembre de 2024 al determinar que Naomi Ramos Cruz es acreedora de una pensión de estudiante adulto a pesar de no estudiar ininterrumpidamente cuando alcanzo[sic] la mayoridad, partiendo de la premisa equivocada de que estudiaba ininterrumpidamente cuando no estudiaba, pero trabajaba a tiempo completo.

> **Segundo Error**: Erró el Tribunal en su Resolución del 26 de septiembre de 2024, siendo inconsistente al no acoger la solicitud de ajuste de pensión[sic] alimentaria estando el mayor de los tres hijos trabajando, viviendo con su pareja vida independiente y dejado de estudiar hace varios años[sic], negándose[sic] a ajustar su parte de la pensión y entrar en vigor independientemente sujeto a las recomendaciones futuras de la examinadora de pensiones alimentarias dos meses más[sic] tarde (9 de diciembre de 2024).

> **Tercer Error**: Erró el Tribunal al negar la transferencia de vista solicitada por Kevin Ramos Cruz. Excluyéndolo [sic]de su derecho a participar en la vista por cualquier[sic] medio, coartándole[sic] su derecho a presentar y probar su reclamo de pensión como estudiante adulto y referirlo ante la examinadora de pensiones.

Mediante *Resolución* emitida el 30 de octubre de 2024[9] concedimos a la apelada un término de diez (10) días para expresarse en torno al recurso presentado. Transcurrido en exceso dicho término sin que la parte apelada se expresara, damos por perfeccionado el recurso ante nuestra consideración y procedemos a resolver sin el beneficio de su comparecencia.

**II.**

-**A**-

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias[10]. Reiteradamente, se ha expresado que los tribunales deben ser celosos guardianes de su jurisdicción y no tienen discreción para asumir jurisdicción

---

[9] Notificada el 6 de noviembre de 2024.
[10] *Pueblo v. Ríos Nieves*, 209 DPR 264, 273 (2022).

donde no la hay[11]. De igual manera, es conocido que la ausencia de jurisdicción no puede ser subsanada por las partes ni por el propio tribunal[12]. Por consiguiente, los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado[13]. Cuando un tribunal emite una sentencia sin tener jurisdicción sobre las partes o la materia, su dictamen es uno inexistente o *ultravires*[14]. Por ello, al carecer de jurisdicción o autoridad para considerar un recurso, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia[15].

Por otro lado, según se ha definido, **un recurso prematuro es uno que se ha presentado con relación a una determinación que está pendiente ante la consideración del tribunal apelado, o sea, que aún no ha sido finalmente resuelta**[16]. **Un recurso presentado prematuramente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia**[17]. **Su presentación carece de eficacia y no produce ningún efecto jurídico, pues en ese momento en el tiempo aún no ha nacido autoridad judicial alguna para acogerlo.**[18] Así, un recurso prematuro carece de eficacia y no produce efectos jurídicos[19]. Por lo cual, el mismo debe ser desestimado sin entrar en los méritos de la controversia.

Sin embargo, la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración[20].

---

[11] *Íd.*
[12] *Pérez Soto v. Cantera Pérez, Inc.,* 188 DPR 98, 105 (2013).
[13] *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 355 (2003).
[14] *Pueblo v. Ríos Nieves, supra,* págs. 273-274.
[15] *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014).
[16] *Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015).
[17] *Íd.,* pág. 98.
[18] *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008).
[19] *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97-98 (2008).
[20] *Yumac Home v. Empresas Massó, supra,* pág. 107.

**III.**

Aplicada la normativa expuesta a los hechos procesales del caso de autos, llegamos a la conclusión que el recurso incoado es prematuro y, por consiguiente, este tribunal intermedio carece de jurisdicción para atenderlo. Veamos.

En el caso de marras nos encontramos ante una *Resolución*[21], en la cual el TPI: (1) relevó al señor Ramos Rivera del pago de la pensión alimentaria relacionada con el joven Joshua Ramos Cruz y (2) ordenó mantener el mismo pago de pensión alimentaria para dos de los hijos mayores de edad del apelante, Kevin Abdiel Ramos Cruz y Naomi Nicole Ramos Cruz, hasta que el examinador de pensiones alimentarias prepare un informe con recomendaciones relacionadas a una nueva pensión alimentaria.

Consecuentemente, el TPI emitió una segunda *Resolución*[22] donde ratificó el relevo de pensión alimentaria con relación al joven Joshua Ramos Cruz. Mientras que, con relación a los jóvenes Kevin Abdiel Ramos Cruz y Naomi Nicole Ramos Cruz el foro primario señaló vista de alimentos entre parientes, de forma presencial, para el 9 de diciembre de 2024 a las 9:30 a.m. En dicha vista, se estarán evaluando las necesidades de los jóvenes y la capacidad económica de ambos progenitores.

Por lo tanto, al haberse presentado el recurso con antelación a que se haya celebrado la vista de alimentos entre las partes, el término para poder apelar o recurrir no ha comenzado a transcurrir. Cónsono con lo anterior, este tribunal no puede intervenir en un recurso prematuro y deberá desestimar el caso al concluir que no tiene jurisdicción[23].

---

[21] Emitida el 16 de septiembre de 2024 y notificada el 26 de septiembre de 2024.
[22] Véase, Apéndice 1 del recurso.
[23] Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

Ahora bien, nuestro más Alto Foro ha expresado que la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro recurrido resuelve lo que estaba ante su consideración[24]. Por ende, una vez se lleve a cabo la vista de alimentos el 9 de diciembre de 2024 y se emita una determinación final en cuanto a la pensión alimentaria de Kevin Abdiel Ramos Cruz y Naomi Nicole Ramos Cruz, y en el caso que el señor Ramos Rivera no esté conforme con la decisión, puede presentar nuevamente el recurso ante este foro apelativo.

**IV.**

Por los fundamentos antes expuestos, se *desestima* el recurso solicitado por falta de jurisdicción, por prematuro.

Notifíquese Inmediatamente.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[24] *Yumac Home v. Empresas Massó, supra,* a la pág. 107.