*1038 TEXTO COMPLETO DE LA SENTENCIA
Comparece ante nos el Sr. Femando Colón Santiago , mediante recurso de certiorari presentado el 9 de octubre de 2002. En el mismo solicita la revocación de la resolución emitida por la Hon. Ivelisse Moyano Ares, Juez del Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), el 10 de septiembre de 2002. Mediante la aludida resolución, el TPI dejó sin efecto una vista a tenor con la Regla 9 de las Reglas de Evidencia, 32 L.P. R.A., Ap. IV, R. 9, señalada para dicho mismo día, a los fines de determinar la admisibilidad del testimonio de la trabajadora social, Sra. Ana Jorge García, testigo de cargo.
Considerada la totalidad del expediente y el derecho- evidenciarlo aplicable, resolvemos expedir el auto de certiorari solicitado y confirmar la resolución recurrida.
I
La causa criminal de epígrafe se inició el 20 de octubre de 2000, cuando se le imputaron al acusado, Femando Colón Santiago, dos cargos por violación al Articuló T05 del Código Penal (Actos Lascivos) en la persona de una menor de cuatro años de edad, además de un cargo por violación al Artículo 95 del Código Penal (Agresión Agravada) y un cargo por el delito de maltrato (Art. 37 del Código Penal) conforme al Artículo 3 de la Ley Núm. 75 de 28 de mayo de 1980,‘..conocida cómo-Ley de Protección a Menores, en un menor de cinco años. Según las acusaciones, los hechos imputados ocurrieron durante el mes de septiembre de 1998.
En cada uno de los pliegos acusatorios se incluyó como testigo de cargo a la Sra. Ana Jorge García, trabajadora social, quien evaluó a los menores y preparó un informe para el Proyecto Amanecer. La defensa solicitó, al amparo de la Regla 95 de las de Procedimiento Criminal-, la producción del aludido informe y el expediente completo de los menores preparado por el Proyecto Amanecer. Apéndice del peticionario, págs. 7-8, Anejo 3. Debido a que el Ministerio Público sólo entregó el informe suscrito por la Sra. Jorge García, el 9 de mayo de 2001, la defensa solicitó al tribunal que ordenara al Ministerio Público que proveyera el expediente completo de los menores alegadamente en poder del Proyecto Amanecer. Apéndice del peticionario, págs. 9-11, Anejo 4. Adujo que el mismo era necesario debido a que el informe de la Sra. Ana Jorge García era escueto, pues sólo se limitaba a mencionar y enumerar las evaluaciones de naturaleza pericial y técnica que le realizó a los menores, mas no incluia, entre otros,, el modo en que. las evaluaciones fueron llevadas a cabo y los resultados individuales de las pruebas. Petición de Certiorari, pág. 2. A esos efectos, el 21 de mayo de 2002, el TPI ordenó al Proyecto Amanecer que entregará aria defensa el expediente completo de los menores en el término de 10 días, a lo cual se opuso el Ministerio Público por entender que dicho expediente completo era confidencial y porque su descubrimiento no procedía al no haberse alegado que contenía evidencia exculpatoria. Apéndice del Peticionario, págs. 13-16, Anejo 6.
Posteriormente, el 12 de junio de 2002, el TPI celebró una vista con el propósito de discutir el paradero del expediente del Proyecto Amanecer. En la misma declararon varios funcionarios del Departamento de la Familia, a los efectos de consignar que el expediente de los menores, de hecho, se había recibido en el Departamento de la Familia cuando el contrato con el Proyecto Amanecer fue cancelado, y que el mismo, luego de varias gestiones, no había podido ser localizado.
*1039 Acto seguido, el peticionario solicitó del TPI la celebración de una vista antes del juicio, a los efectos de determinar la admisibilidad del testimonio de la Sra. Ana Jorge García bajo la Regla 9(B) de las Reglas de Evidencia. La misma quedó señalada para el 10 de septiembre de 2002, pues el juicio estaba pautado para el 16 de septiembre de 2002.
Así las cosas, el Ministerio Fiscal presentó una Moción en Oposición a la celebración de la vista, la cual fue resuelta por la Juez Moyano Ares en la Sala 1103 como parte del despacho, declarando la misma “Ha Lugar”. 
Llegada la fecha de la vista de la Regla 9 de Evidencia, el peticionario relata en su Petición de Certiorari que se personó como de costumbre a la Sala 1108 y que allí se enteró del traslado del caso a la Sala 1103. Expone que la Hon. Luz I. Burgos, fiscal del caso, le informó sobre la presentación de la moción en oposición a la vista, y que la misma había sido resuelta a su favor. Sostiene el peticionario que cuando el caso fue finalmente llamado por la Juez Moyano Ares en la Sala 1103, ésta manifestó que el caso ya no pertenecía a su sala y anunció lo resuelto respecto a la moción del Ministerio Fiscal.
A la mañana siguiente, el peticionario solicitó la inhibición de la Juez Moyano Ares de intervenir en el caso. Alegó que la juez formó opinión y prejuzgó el asunto al haber denegado de plano la celebración de la vista al amparo de la Regla 9 de Evidencia el mismo día en que estaba supuesta a celebrarse, sin darle al peticionario la oportunidad de ser oído o replicar a la oposición del Ministerio Público. Apéndice del peticionario, pág. 24, Anejo 11.
Considerada la referida moción, la Juez Moyano Ares se inhibió motu proprio del caso y ordenó que el mismo pasase a la atención del Juez Administrador para la continuación de los procedimientos. Ello debido a su vez, a que el juicio por jurado estaba pautado para el 16 de septiembre de 2002. Véase Apéndice del peticionario, pág. 28. Minuta del 11 de septiembre de 2002, Anejo 12.
En la vista celebrada el 11 de septiembre de 2002, en la Sala 1108 ante el Juez Sepulveda Santiago, éste determinó no variar lo dictaminado por la Juez Moyano Ares, respecto a la vista a tenor con la Regla 9 de Evidencia. Apéndice del peticionario, págs. 29-30, Minuta de 11 de septiembre de 2002, Anejo 13. Finalmente, en otra vista celebrada el 12 de septiembre de 2002 ante el mismo magistrado, se informó que ante una reconsideración de la defensa, la juez mantenía su dictamen. Así, se señaló el sorteo de jurados para el 17 de octubre de 2002 y el juicio por jurado para el 22 de octubre de 2002.
Inconforme con tales determinaciones, el peticionario presentó el 9 de octubre de 2002, el recurso de certiorari que ahora nos ocupa, señalando la comisión por el TPI de los siguientes errores:

“PRIMER ERROR

ABUSO DE SU DISCRECION EL TRIBUNAL DE PRIMERA INSTANCIA AL NEGARLE AL PETICIONARIO EL DERECHO A LA CELEBRACION DE UNA VISTA DE DETERMINACION PRELIMINAR DE ADMISIBILIDAD EN CUANTO AL TESTIMONIO PERICIAL DE LA TRABAJADORA SOCIAL QUE EVALUO A LOS MENORES.

SEGUNDO ERROR

EL DICTAMEN DEL TRIBUNAL DE PRIMERA INSTANCIA DE NEGARLE AL PETICIONARIO EL DERECHO A LA CELEBRACION DE UNA VISTA DE DETERMINACION PRELIMINAR DE ADMISIBILIDAD EN RELACION A UN TESTIGO PERICIAL, VIOLA SUS DERECHOS A UNA ADECUADA REPRESENTACION DE ABOGADO, A CONTRAINTERROGAR EFECTIVAMENTE LA PRUEBA 
*1040
PRESENTADA EN SU CONTRA, AL DEBIDO PROCESO DE LEY, A DISFRUTAR DE UN JUICIO JUSTO E IMPARCIAL YA PRESENTAR PRUEBA A SU FAVOR. ”

En vista de la proximidad del juicio, el 17 de octubre de 2002, el peticionario presentó ante este foro una Moción en Auxilio de Jurisdicción para la Paralización de los Procedimientos. Mediante resolución de 18 de octubre de 2002, decretamos la paralización de los procedimientos conforme a lo solicitado. Además, ordenamos a la Hon. Ivelisse Moyano Ares a exponer por escrito los fundamentos en que se basó para tomar la decisión recurrida, en vista de que de la minuta de los procedimientos ante ella, éstos no surgían.
Oportunamente recibida la resolución fundamentada de la Juez Moyano Ares, solicitamos al Ministerio Público fijar su posición respecto al recurso solicitado, y tras una prórroga, éste presentó finalmente su oposición el 2 de diciembre de 2002.
En síntesis, el peticionario esboza en su recurso tres planteamientos principales, a saber: (1) que procede la vista de determinación previa de admisibilidad del testimonio de la trabajadora social ante la pérdida del expediente, pues están en controversia las bases de la opinión pericial de la testigo; (2) dado lo escueto del informe, no es posible que la testigo pueda recordar las bases de su opinión sin contar con el expediente, y (3) el extravío del expediente y los escuetos datos disponibles en el informe de los menores rendido por la perito, menoscaba los derechos del acusado a un debido proceso de ley mediante el correspondiente careo y efectivo contrainterrogatorio de la Sra. Ana Jorge García, testigo de cargo en el caso.
Por su parte, el Procurador General se opone a dichos planteamientos, argumentando, en esencia, que las alegaciones del peticionario en tomo al testimonio de la Sra. Jorge García como perito y la pérdida del expediente solicitado por la defensa son materias que inciden fundamentalmente sobre el valor probatorio de dicha evidencia y no sobre su admisibilidad, razón por la cual se hace innecesaria una vista previa a esos efectos bajo la Regla 9 (B) de Evidencia. Sostiene, en particular, que la base del testimonio pericial no depende de la pérdida del expediente, sino, en todo caso, de la observación y evaluación de los menores que la Sra. Jorge García, como perito de ocurrencia, efectuó y plasmó en el informe. Precisa, además, que el momento oportuno para cuestionar las bases sobre el testimonio pericial es durante el contrainterrogatorio a ser efectuado durante el juicio, según dispone la Regla 58 de Evidencia, 32 L.P.R.A. Ap. IV, R. 58 y no antes.
Posteriormente, el 13 de diciembre de 2002, el peticionario presentó un Escrito de Réplica reiterando los planteamientos esbozados en su recurso.
Perfeccionado así el recurso con la comparecencia de todas las partes, pasamos a resolver.
II
Sabido es el principio de que la pertinencia es condición necesaria para la admisibilidad de evidencia. Excepto cuando de otro modo se disponga por ley, toda evidencia pertinente es admisible, siendo la evidencia pertinente toda aquélla que haga de la existencia de un hecho más o menos probable de lo que sería sin tal evidencia. Regla 18(B) de Evidencia, 32 L.P.R.A. Ap. IV, R. 18(B), Pueblo v. Rosaly Soto, 128 D.P.R. 729 (1991).
La pertinencia, a su vez, consiste en la materialidad y el valor probatorio de la evidencia. Mientras que la materialidad va dirigida a la relación de la evidencia con los hechos y las cuestiones de derecho en controversia; el valor probatorio es la intensidad o fuerza con que esa evidencia hace de un hecho uno más probable. Chiesa, Luis Ernesto, Tratado de Derecho Probatorio (Reglas de Evidencia de Puerto Rico y Federales), Publicaciones J.T.S., Tomo I, a la págs. 22-27; Pueblo v. Ortiz Pérez, 123 D.P.R. 216 (1989).
Notamos que gran parte del derecho evidenciario consiste de normas que operan con el propósito de excluir *1041 evidencia pertinente. Véase McCormick, Charles Tilford, McCormick On Evidence, West Publishing Corp., 4ta. Ed., pág. 78 y, Chiesa, Op. Cit., a las págs. 1-7.
La pertinencia, como condición para la admisibilidad, sólo implica cierto grado mínimo de valor probatorio o diferencial. Por ello, cuando la evidencia es pertinente y no existe una regla de exclusión aplicable, la balanza debe inclinarse a favor de su admisión. Excluir evidencia pertinente sin razones de peso que lo justifique equivale a un abuso de discreción por parte del tribunal. Chiesa, Op. Cit., a las págs. 8-9.
La Regla 9 de nuestras Reglas de Evidencia regula la determinación de admisibilidad de evidencia, en lo que usualmente se conoce como el testimonio de base. A su vez, también establece las funciones diferenciadas del juez y el jurado al formular dichas determinaciones, aunque, como regla general, es al juez y no al jurado, a quien le corresponde hacerlas. Pueblo v. Torres Figueroa, 126 D.P.R. 721 (1990). Chiesa, Op. Cit., a la pág. 1202.
En su inciso A, la Regla 9 enumera las determinaciones preliminares que quedan a manos del tribunal, a saber: la capacidad y cualificación de los testigos, la existencia de privilegios evidenciados y la admisibilidad de evidencia. En cuanto a lo último, le corresponde al tribunal determinar si la evidencia a ser ofrecida posee un mínimo valor probatorio que la haga pertinente. Así, debe existir una relación entre la evidencia ofrecida con lo que se pretende probar, la controversia del caso y el derecho sustantivo aplicable. Chiesa, Op. Cit., Tomo II, a la pág. 1205.
De ordinario, el momento procesal para que el tribunal realice las determinaciones de admisibilidad bajo esta Regla, surge en el momento del ofrecimiento de la evidencia y la correspondiente objeción en el juicio. Chiesa, Op. Cit., a la pág. 1210.
Nuestro ordenamiento dispone, por excepción, que algunas determinaciones de admisibilidad se resuelvan antes del juicio, previa moción y vista de exclusión de evidencia. Claro está, un tribunal puede, en su sana discreción, atender antes del juicio una moción in limine sobre admisibilidad.
La Regla 9(A) no exige que el jurado se encuentre ausente, sino que la determinación se realice sin su participación. Constituye una excepción cuando se trata de la determinación de admisibilidad sobre la voluntariedad de la confesión de un acusado. En este caso, se exige por imperativo constitucional la ausencia del jurado. Asimismo, el inciso 9(C) de la Regla establece que en materia de confesiones de acusados, se deberá determinar la admisibilidad en ausencia del jurado. Todo ello, evidentemente, sin menoscabar el derecho del acusado de presentar, luego ante el jurado, evidencia que disminuya el valor probatorio y la credibilidad en relación con las circunstancias en que se realizó dicha confesión.
Para las demás determinaciones preliminares de admisibilidad, el inciso (C) establece que serán hechas en ausencia del jurado cuando los intereses de la justicia lo requieran o cuando el acusado que ha decidido testificar así lo solicita. En fin, tal como está redactada la Regla 9 (C), ésta otorga amplia discreción al juez para decidir qué determinaciones han de hacerse fuera de la presencia del jurado, aparte del caso de la confesión de un acusado. Tan es así, que acorde con el inciso (D) de la Regla, la parte perjudicada por una determinación preliminar que hace admisible cierta evidencia, siempre puede presentar posteriormente evidencia ante el jurado que mine el valor probatorio o la credibilidad de la evidencia admitida.
Por otro lado, la Regla 52 de Evidencia, 32 L.P.R.A. Ap. IV. R. 52, regula el testimonio pericial. Se establecen, de entrada, tres requisitos básicos para la admisión del testimonio pericial, á saber: que sea de ayuda al juzgador dada la naturaleza técnica, científica o especializada del asunto; que el perito sea cualificado; y que las bases de su opinión sean adecuadas. El criterio para permitir dicho testimonio es amplio y liberal, salvo que su admisión conlleve pérdida de tiempo y recursos en relación al valor probatorio que podría tener tal *1042 testimonio.
Igual amplitud y liberalidad rige en cuanto a la cualificación de quienes han de prestar testimonio pericial. La Regla 53, 32 L.P.R.A. Ap. IV, R. 53, dispone que:

“(A) Toda persona está cualificada para declarar como testigo pericial si posee especial conocimiento, destreza, experiencia, adiestramiento o instrucción suficientes para cualificarla como un experto o perito en el asunto sobre el cual habrá de prestar testimonio. Si hubiere objeción de parte, dicho especial conocimiento, destreza, adiestramiento o instrucción deberán ser probados antes de que el testigo pueda declarar como perito.

(B) El especial conocimiento, destreza, experiencia, adiestramiento o instrucción de un testigo pericial podrán ser probados por cualquier evidencia admisible, incluyendo su propio testimonio. ”

Nótese que la última oración del inciso (A) de la Regla 53 permite la determinación previa de cualificación pericial, sujeto a la Regla 9(A) de Evidencia. Según Rivera Rentas v. A&C Development Corp., 144 D.P.R. 450 (1997), dicha determinación bajo la Regla 53 sólo se efectúa de mediar objeción de la otra parte.
Por otro lado, las Reglas 56 y 58 de Evidencia, 32 L.P.R.A. Ap. IV, R. 56, 58, tratan las bases de la opinión pericial y el momento idóneo para revelar las mismas. De este modo, la Regla 56 dispone que:
“Las opiniones o inferencias de un testigo pericial pueden estar basadas en hechos o datos percibidos por el perito o dentro de su conocimiento personal o informados a él antes de o durante el juicio o vista. Si se trata de materia de naturaleza tal que generalmente los expertos en ese campo descansan en ella para formar opiniones o hacer inferencias sobre el asunto en cuestión, la materia no tiene que ser admisible en evidencia. ” (Enfasis nuestro).
Así, la regla establece tres bases permisibles para la opinión pericial. De no cumplirse con una de ellas, procede la eliminación del testimonio pericial. Las aludidas bases son, a saber: (1) el conocimiento personal del perito, (2) la información obtenida por el perito durante el juicio o vista, y (3) la información obtenida por el perito antes del juicio o vista. Esta última supone un cambio sustancial a la tendencia tradicional que se expuso en Pueblo v. Reyes Acevedo, 100 D.P.R. 703, 709-710 (1972), a los efectos de que las bases de la opinión pericial no podían descansar en informes o información no admitida en el juicio; ni mucho menos si la base se refería a prueba de referencia. Véase, Chiesa, Op. Cit., alas págs. 578-582.
Hoy día, el texto de la Regla 56 permite que el testimonio pericial pueda basarse en información obtenida previamente sin encontrarse admitida o sostenida por la prueba, siempre y cuando se cumpla con el requisito clave de la última oración de la Regla 56, a saber: que la base consista en el tipo de información en la que generalmente descansaría un perito al ejercer su profesión. Regla 56 de Evidencia, supra.
Sin embargo, no es fácil determinar si la información que utilizará como base el perito es la generalmente usada por los expertos en el campo de que se trate para hacer la inferencia. En estas circunstancias, el tribunal debe hacer una determinación bajo la Regla 9(A) de Evidencia. Chiesa, Op. Cit., a la pág. 579.
En vista de la liberalidad de interpretación sobre las bases periciales permisibles, la Regla 58 de Evidencia permite el testimonio pericial antes de revelar las bases en las que se funda. Dispone dicha regla que:

“Un perito puede declarar en términos de opiniones o inferencias y expresar las razones en que funda su testimonio, sin que antes de declarar haya expresado los hechos o datos en que sus opiniones e inferencias están basadas, salvo que el Tribunal así lo disponga. El perito puede, en todo caso, ser contrainterrogado en 
*1043
relación a la materia en que basa sus opiniones o inferencias, quedando obligado a revelar la misma. ”

La Regla otorga, pues, discreción al tribunal para exigir la revelación de las bases antes del testimonio pericial o en el examen directo. Donde la Regla 58 no permite discreción es en la revelación de la base, de ésta ser invocada en el contrainterrogatorio. Ello, debido a que al acusado le asiste el derecho a la confrontación con las bases del testimonio pericial y su valor probatorio. Si del contrainterrogatorio surge que la base es impermisible, procede entonces la eliminación del testimonio pericial. Por otro lado, si del contrainterrogatorio surge que el perito no recuerda las bases de su opinión, se debilita el valor probatorio del testimonio sin que ello afecte su admisibilidad. Véase Pueblo v. Nazario, 138 D.P.R. 760, 777-778 (1995), y Delaware v. Fensterer, 474 U.S. 13 (1985).
Desde luego, existen casos donde un tribunal con dudas sobre las bases del testimonio pericial, procede correctamente al determinar de antemano bajo la Regla 9 la permisibilidad de las bases de dicho testimonio. Ello, puede hacer innecesaria una moción de eliminación de testimonio y hasta un “mistrial”. Sin embargo, dichas mociones in limine deben ser la excepción y no la regla. Chiesa, Op Cit., a la pág. 584.
En fin, "... en cuanto a confrontarse con la base de la opinión, en el sentido de cuestionarla para impedir la opinión pericial, parece que es suficiente con que la base sea permisible bajo las Reglas de Evidencia, y que con la revelación de la base de la opinión se satisface el derecho a confrontación, poniendo ante el jurado la precariedad de tal base y, por lo tanto, el poco valor probatorio de la opinión del testigo de cargo.” Chiesa, Op. Cit., a la pág. 582.
III
Acorde con la normativa arriba expuesta, discutiremos los dos errores levantados por el peticionario conjuntamente, por estar íntimamente ligados.
El peticionario señala haberle planteado al foro de instancia que ante el extravío en el Departamento de la Familia del expediente del Proyecto Amanecer, están en controversia las bases del testimonio pericial. En este foro, el peticionario alega, además, que “[ajnte la inexactitud del informe, son pertinentes las bases que tuvo la trabajadora social para sus conclusiones o si estaba carente de bases por falta de memoria unido al problema de extravío del expediente”. Petición de Certiorari, pág. 13.
Entendemos que ni el extravío del expediente completo, ni lo escueto del informe preparado por la Sra. Jorge García son alegaciones suficientes para concluir que se necesita de una vista previa al juicio para la determinación de la admisibilidad del testimonio de ésta o la permisibilidad de sus bases. Veamos.
Examinados los anteriores planteamientos del peticionario, entendemos que su solicitud no está basada en alguna de las instancias bajo las cuales el ordenamiento probatorio exige, como cuestión de derecho, una vista de determinación preliminar bajo la Regla 9. Nótese, en primer lugar, que la solicitud del peticionario no se trae para objetar propiamente las cualificaciones de la perito Ana Jorge García, cuya determinación puede hacerse previa al testimonio enjuicio acorde con la Regla 53 (A). De hecho, la cualificación de la Sra. Ana Jorge García no se encuentra en controversia. Tampoco la solicitud del peticionario se basa en datos informados a la perito antes del juicio, en cuyo caso es deseable realizar una determinación preliminar sobre si las bases del testimonio pericial están apoyadas en información pericial que sea utilizada generalmente y de ordinario por peritos para llegar a conclusiones específicas.
En el caso de autos, entendemos que la Sra. Ana Jorge García testificará utilizando como base su conocimiento personal de los menores y de las pruebas que le realizó a éstos. Estos extremos incontrovertidos constituyen base permisible suficiente para que el TPI estime admisible dicho testimonio, sin necesidad de realizar vista previa al juicio a esos efectos.
*1044 Si bien es cierto que el peticionario apoya su solicitud en planteamientos de conocidos tratadistas de derecho evidenciario que sustentan la celebración de una vista previa de determinación de admisibilidad, no podemos avalar su posición, ya que bajo las circunstancias de este caso en particular, no se trata de información obtenida fuera de corte, sino de la observación y conocimiento personal de la perito. Además, la determinación preliminar de admisibilidad en cuanto a las bases del testimonio pericial permisible forma parte del ámbito discrecional del juez de instancia.
En su resolución, la Juez Moyano Ares determinó que la solicitud de la defensa no procedía por los siguientes fundamentos, a saber: en primer lugar, estimó que la celebración de la vista obtendría para la defensa el testimonio de un testigo de cargo con anterioridad al juicio. En segundo lugar, concluyó que no hay controversia alguna en cuanto a la pertinencia del testimonio de la Sra. Ana Jorge García o en cuanto al informe preparado por ella y en tercer lugar, la Juez consideró que dichos planteamientos resultaban prematuros. Concluimos que, en ausencia de abuso de discreción por parte del TPI, no hemos de intervenir en sus dictámenes. Véase Argüello López v. Argüello García, 2001 J.T.S. 127, 155 D.P.R. _ (2001); Trinidad-García v. Chade, 2001 JTS 10, 152 D.P.R. _ (2001); Pueblo v. Rodríguez Santana, 146 D.P.R. 860 (1998). 
■ De otro lado, el peticionario nos plantea su preocupación a.que, de ser seriamente cuestionadas las bases del testimonio' de la Sra. Ana Jorge García, el mismo sea permitido en el juicio y pase al jurado. Señala el peticionario que: “Somos del criterio que una instrucción a los efectos de que no se tome en consideración tal testimonio, no subsanaría el perjuicio ocasionado”. Petición de Certiorari, págs. 13-14. No le asiste razón.
Al acusado le ampara el derecho constitucional a la confrontación, y lo crucial de este derecho, es la oportunidad de un pleno y efectivo contrainterrogatorio. Art. II, Sec. 11 de la Constitución del Estado Libre Asociado de Puerto Rico; Pueblo v. Torres García, 137 D.P.R. 56 (1994). Nótese que éste es un derecho basado en la oportunidad, y no en un resultado específico. Pueblo v. Nazario, supra. Resolvemos que no se menoscaban los derechos del peticionario, toda vez que la perito queda obligada en el juicio a revelar las bases de su opinión durante el contrainterrogatorio, de acuerdo a la Regla 58 de Evidencia. El resultado de dicho contrainterrogatorio durante el juicio llevará a la consideración del jurado el valor probatorio de dicho testimonio. Además, el peticionario debe reconocer que el juzgador de hechos no está obligado, a fin de cuentas, a aceptar las conclusiones de un perito. Figueroa Hernández v. Del Rosario, 147 D.P.R. 121 (1998); Pueblo v. Montes Vega, 118 D.P.R. 164 (1986).
Estimamos que el testimonio pericial de la Sra. Ana Jorge García no requiere determinación previa de admisibilidad por tratarse de un testimonio basado en conocimiento personal. Del expediente surge que ella es una profesional de trabajo social que observó y examinó a los menores víctimas en fecha cercana a los alegados hechos. Tal y como surge de la Petición de Certiorari, la Sra. Jorge García realizó de forma directa y personal pruebas de terapia de juego, dibujo libre y dirigido, técnica de observación y figura humana anatómica a las víctimas. Estas circunstancias particulares, junto a la naturaleza de su profesión, convierten a la testigo de cargo, Sra. Ana Jorge García, en una perito de ocurrencia, pues no sólo posee conocimiento personal de los menores víctimas en tiempo cercano a los hechos, sino que también le asiste el conocimiento especializado propio de su desempeño como trabajadora social.
Como expresó el Tribunal Supremo en San Lorenzo Trading Inc. v. Hernández, 114 D.P.R. 704, 718 (1983), el perito de ocurrencia es una persona que declara sobre hechos percibidos por ella y al mismo tiempo está facultado para hacer inferencias o deducciones de esos hechos en su capacidad pericial. Al ser tanto testigo como perito, le son aplicables las reglas de una y otra prueba. El conocimiento personal que la Sra. Jorge García posee en cuanto a las víctimas de los delitos imputados, constituye base permisible suficiente para que el tribunal permita la admisibilidad de su testimonio sin tener que recurrir, como excepción, a una moción in limine a esos efectos.
*1045 Por otro lado, el peticionario plantea que las actuaciones del tribunal al denegar la vista han menoscabado irrazonablemente su derecho a una adecuada representación de abogado. En particular, argumenta que informarse debidamente en la preparación de la defensa es inherente a tal derecho, y concluye que no ha podido gestionar prueba impugnatoria para contrainterrogar efectivamente.
Analizados dichos planteamientos, concluimos que la denegatoria de una vista previa al juicio, en este estado de los procedimientos, no viola las garantías que amparan al peticionario en virtud de nuestra Constitución. El peticionario no ha sido coartado de utilizar los medios de prueba tradicionales para impugnar el testimonio de la Sra. Ana Jorge García. El extravío del expediente y el hecho de sólo poder contar con el informe de la trabajadora social, tampoco inciden sobre los derechos del acusado a la adecuada asistencia de abogado. Dicha particularidad, repetimos, sólo puede tener repercusiones sobre el valor probatorio de la evidencia con que cuenta el Ministerio Público para probar su caso.
Por ello, la denegatoria de una vista preliminar de admisibilidad no constituye abuso de discreción. Estimamos que la denegatoria a una determinación de admisibilidad antes de la celebración del juicio, no incide sobre el derecho constitucional del acusado a la confrontación, a la adecuada representación, al debido procedimiento de ley y a un juicio justo e imparcial. Estos derechos quedan plenamente garantizados, toda vez que en el juicio el acusado tiene una oportúnidad efectiva de contrainterrogar a los testigos de cargo en cuanto al valor probatorio de dicha evidencia. 
Finalmente, el peticionario plantea la necesidad de aplicar al caso de autos los principios establecidos en Daubert v. Merrel Dow Pharmaceuticals, 509 U.S. 579 (1993). Argumenta que por tratar el testimonio de la Sra.. Jorge García sobre materia científica, son de aplicación los criterios de dicho caso, los cuales facultan al juez para actuar como un guardián (“Gatekeeper”) de la confiabilidad que debe tener toda evidencia pericial, técnica o especializada que se admita en el proceso. Analizado dicho planteamiento, concluimos que el peticionario no nos ha puesto en posición de resolver la procedencia de una vista Daubert en este caso. Lo único que el peticionario alega en su recurso respecto a la metodología científica utilizada en el caso, es la escueta lista de pruebas contenidas en el informe realizadas por la Sra. Jorge García a los menores. Nótese que la aplicación de Daubert cobra importancia cuando la evidencia científica o especializada es de carácter novel. Chiesa, Op. Cit., a la pág. 600. Además, lo resuelto en dicho caso no hace imperativa la realización de una vista antes del juicio, que es lo que interesa el peticionario. Véase Chiesa, Op. Cit., Suplemento Acumulativo, a la pág. 31, §7.3.
IV
Por los fundamentos expuestos, se expide el auto de certiorari solicitado y se confirma la resolución recurrida.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau Secretaria General
ESCOLIOS 2003 DTA 54
1. Para dicha fecha, el caso había sido trasladado del Salón de Sesiones del TPI1108 al 1103. La Hon. Juez Ivelisse Moyano Ares atendió el caso en la sala 1108, hasta su traslado a la sala 1103. En la mañana de la vista, recibió el expediente en su nueva sala por parte del Juez Administrador, Hon. Heriberto Sepulveda Santiago, quien ahora atendía el calendario asignado a la sala 1108. En su resolución, la Hon. Juez expresa que procedió a atender la Moción del Ministerio Público como una de despacho.
2. Aunque la pertinencia es necesaria para la admisibilidad de evidencia, no es por sí misma, condición suficiente. Chiesa, Luis Ernesto, Tratado de Derecho Probatorio (Reglas de Evidencia de Puerto Rico y Federales) Publicaciones J.T.S., Tomo I, a la pág. 1.
*1046 3. La Regla 9 dispone:

“(A) Cuestiones preliminares en relación a la capacidad de una persona para ser testigo, la existencia de un privilegio o la admisibilidad de evidencia serán determinadas por el tribunal sujeto a lo dispuesto en el inciso (B) de esta regla. Al hacer tales determinaciones, el tribunal no queda obligado por las Reglas de Evidencia, excepto aquellas relativas a privilegios.

(B) Cuando la pertinencia de evidencia ofrecida depende de que se satisfaga una condición de hecho, el tribunal la admitirá al presentarse evidencia suficiente para sostener la conclusión de que la condición ha sido satisfecha; el tribunal puede también admitir la evidencia sujeto a la presentación posterior de la evidencia suficiente para sostener la conclusión de que la condición ha sido satisfecha.

(C) En casos ventilados ante jurado, toda la evidencia relativa a la admisibilidad de una confesión del acusado será escuchada y evaluada por el juez en ausencia del jurado. Si el juez determina que la confesión es admisible, el acusado podrá presentar al jurado, y el Ministerio Público refutar evidencia pertinente relativa al peso o credibilidad de la confesión y a las circunstancias bajo las cuales la confesión fue obtenida. Otras determinaciones preliminares a la admisibilidad de evidencia también podrán ser consideradas en ausencia del jurado cuando los intereses de la justicia así lo determinen o cuando el acusado es un testigo que así lo solicite.

(D) El acusado que testifica en tomo a una cuestión preliminar a la admisibilidad de evidencia, no queda por ello sujeto a contrainterrogatorio en cuanto a otros asuntos del caso.

(E) Esta regla no limita el derecho de las partes a introducir evidencia ante el jurado que sea pertinente al valor probatorio o la credibilidad de la evidencia admitida luego de la correspondiente determinación preliminar por el juez.” (Enfasis nuestro).
4. En casos de supresión de evidencia por causa de un arresto o detención ilegal, procede una determinación previa al juicio conforme a la Regla 234 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 234. Nuestro Tribunal Supremo ha requerido también una vista previa sobre admisibilidad en cuanto al testimonio de identificación del acusado. Pueblo v. Rey Marrero, 109 D.P.R. 739 (1980).
5. Jackson v. Denno, 378 U.S. 368 (1964).
6. La Regla 52 dispone: “Cuando conocimiento científico, técnico o especializado sea de ayuda para el juzgador entender la evidencia o determinar un hecho en controversia, un testigo capacitado como perito en relación con la materia sobre la cual va a declarar podrá testificar en forma de opiniones o de otra manera. ’’
7. McCormick, Op. Cit, §15, pág. 24, explica el porqué de esta vieja regla al expresar: “The essential reason for the support of this view seemed tobe that the jury was asked to accept as evidence the witness' inference, based upon someone's hearsay or upon other inadmisible facts which were presumably not supported by any evidence at the trial and which therefore the jury had no basis for finding to be true,”. En Puerto Rico, el caso de Reyes Acevedo, supra, basado en la tendencia tradicional, fue modificado en Pueblo v. Rivera Robles, 121 D.P.R. 858 (1988).
8. Véase Petición de Certiorari, a la pág. 12. El peticionario cita como apoyo a Jack B. Weinstein, Weinstein's Evidence, § 703.05[2][3], págs. 703-18 a la 703-20.
9. Si bien es cierto que le prestamos completa deferencia a las actuaciones del Tribunal de Instancia, estimamos que no fue el mejor proceder resolver la Oposición del Ministerio Público a la vista de Regla 9(B) de Evidencia sin antes darle al peticionario la oportunidad para expresarse. Adviértase que es éste la parte que se vería afectada por dicha determinación ex parte. Además, somos del criterio que la reasignación de salas y el traslado de casos no debe, en principio, afectar los derechos de las partes ni la eficiente resolución de los asuntos planteados.
10. Claro está, todo ello sin perjuicio de que el Tribunal, en su sana discreción, estime necesaria una moción in limine durante el juicio para determinar preliminarmente la admisibilidad de evidencia.