ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **CARLOS AYALA TORRES**<br><br>Peticionario<br><br>v.<br><br>**JULIA PORTELA**<br><br>Recurrida | KLCE202300871 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Aguadilla**<br><br>Civil Núm.:<br>**A CU 2010-0236**<br><br>Sobre:<br>Relaciones Filiales |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de octubre de 2023.

El señor Carlos Gerardo Ayala Torres (señor Ayala Torres o peticionario) comparece ante nos mediante *Petición de Certiorari* y solicita que revoquemos la *Orden* notificada el 7 de julio de 2023, por el Tribunal de Primera Instancia (TPI), Sala Superior de Aguadilla. Mediante la misma, el TPI declaró *No Ha Lugar* la *Solicitud Reiterando Solicitud de Notificación de Minuta como Resolución* del peticionario.

Por los fundamentos que exponemos a continuación, se deniega la expedición del auto de *certiorari* solicitado.

### I.

Según surge del expediente, el señor Ayala Torres y la señora Delilah Feliciano Portela (señora Feliciano Portela) son los progenitores de CAF y DAF. Mediante *Resolución* de 13 de julio de 2007, las partes acordaron compartir la custodia de los menores con su abuela materna, la señora Julia Portela Torres. Ello, con propósito de que estos se beneficiaran de poder estudiar en una

Número Identificador
RES2023 _____

escuela con acceso limitado en la cual laboraba la señora Portela Torres. En el 2011, el TPI dictó Sentencia en la cual se establecieron las relaciones paternofiliales y la pensión alimentaria acordada por las partes.

Tras varios trámites procesales, el 27 de abril de 2021, la señora Feliciano Portela instó una *Moción en Solicitud de Revisión de Pensión.* En esta, requirió que se refiriera el caso al Examinador de Pensiones Alimentarias (EPA) para que se revisara la pensión alimentaria de sus hijos. El EPA pautó una vista para el 11 de marzo de 2022, pero el señor Ayala Torres se opuso. Lo anterior, bajo en fundamento de que, debido a que la abuela de los menores asumió la custodia y gastos de éstos, era necesario que se le brindara la información relacionada a los ingresos de la señora Portela Torres. Aseveró que la Panilla de Información Personal Económica de la abuela de sus hijos era indispensable para el cómputo que en su día se realizara relacionado a la pensión alimentaria.

A raíz de lo anterior, el 17 de mayo de 2022, el TPI dictó *Resolución,* mediante la cual estableció que la información de los ingresos de la señora Portela Torres no eran pertinentes a la controversia del caso de referencia, toda vez que esta no era la persona llamada legalmente a proveer alimentos a los menores, esto por no ser la madre con patria potestad. El Tribunal subrayó que los llamados a proveer alimentos a los menores eran sus padres, independientemente de que hayan decidido compartir la custodia a los únicos efectos de que pudieran matricularse en una escuela particular.

Celebrada la vista de revisión de pensión alimentaria, a la cual comparecieron ambas partes con sus respectivas representaciones legales, el 1 de agosto de 2022, el EPA emitió su *Informe Especial y Recomendaciones de Pensión Final.* En este incluyó las siguientes determinaciones de hecho:

1. Las partes procrearon 2 menores de edad que tienen 19 y 15 años, quienes se encuentran bajo la custodia de la madre.
2. El salario neto del demandante producto de su empleo a tiempo completo, y tomando en consideración el talonario de empleo presentado mediante moción del 18 de febrero de 2022 es de $2,214.89 mensual, lo cual representa un 46.538 de los gastos del menor.
3. El salario neto de la demandada Sra. Feliciano Portela madre con patria potestad es de $2,614.00 mensual, 10 cual representa un 53.47% de los gastos de los menores. Adicional al ingreso regular de la demandada producto de su empleo a tiempo completo se le dio credibilidad a un ingreso adicional de $300.00 mensuales producto de las gestiones que realiza a favor de su unión laboral. Si bien la demandada testificó que esta realiza entre 1 a 3 viajes mensuales para atender asuntos de la unión, no se desfiló prueba específica de los gastos por concepto de dichos viajes. En ausencia de esa prueba no estamos en posición de determinar qué cantidad específica si alguna que pudiera representar un reembolso. Por otro Lado, el testimonio de la demandada estableció que esta recibe la cuantía mensualmente.
4. Existe un gasto de vivienda por concepto de alquiler de $810.00 mensuales donde viven 3 personas en la residencia.
5. Los menores se encuentran inscritos en un plan médico a través de la abuela materna la Sra. Portela.
6. No es un hecho en controversia que el menor de 19 años es estudiante universitario en la Universidad de Fordham en los Estados Unidos.

El EPA recomendó al Tribunal lo siguiente:

1. El demandante pagará la cantidad de $577.93 mensual por concepto de pensión alimentaria básica, pagará además la cantidad de $251.27 por concepto de pensión suplementaria de vivienda, para un total de $829.20 mensuales por concepto de pensión alimentaria, efectivo 27 de abril de 2022.
2. Esta cantidad deberá pagarla a través del Administrador de ASUME. Las partes deberán acudir a la agencia para abrir la cuenta y/o hacer el ajuste correspondiente.
3. Se recomienda al Tribunal ordenar a la secretaria notificar su determinación a la Administración de Sustento de Menores.
4. Se ordene al demandante no-custodio pagar el balance adeudado por concepto de retroactividad, el cual se calcula de la siguiente manera:
    a. mayo a julio 2021: El demandante adeuda la cantidad de $1,287.60.
    b. agosto 2021 a julio 2022: El demandante adeuda la cantidad de $3,950.40.
5. En total el retroactivo asciende a la suma de $5,238.00. Se recomienda un plan de pago a razón de $218.25 mensuales por 24 meses hasta el saldo total de la deuda. Este retroactivo es independiente

de cualquier deuda de alimentos que pueda tener ya vencida en la ASUME.

6. El demandante no-custodio responderá del 46.53% de los gastos escolares y de los gastos universitarios de los menores no cubiertos por las ayudas económicas de estos. **La demandada deberá informar al demandante de las ayudas económicas recibidas por el menor según las certifique la institución académica y las agencias pertinentes, presentará además las facturas de aquellos gastos certificados por la institución académica y no cubiertos por dichas ayudas.** Las facturas se presentarán en el término de 15 días luego de lo cual el demandante tendrá 15 días para el pago. Esta recomendación está sujeta a lo que el tribunal determine en cuanto una controversia sobre el ejercicio de la patria potestad alegada por la parte demandante.

7. El demandante responderá en un 46.53% de los gastos médicos no cubiertos por el plan médico, previa presentación de evidencia en un término de 15 días luego de lo cual tendrá 15 días para el pago. Informan las partes que los menores se encuentran inscritos en un plan médico a través de la Sra. Portela.

8. Se recomienda la suma de $500.00 por concepto de honorarios de abogado, a ser pagados por el demandado no-custodio en un término de 30 días.

Consecuentemente, el foro primario dictó *Resolución,* en la cual aprobó las recomendaciones del EPA. Se le advirtió al señor Ayala Torres que podría ser encontrado incurso en desacato de no cumplir con el pago de la pensión alimentaria. A su vez, el Tribunal advirtió a las partes que la pensión sería revisable luego del paso de los tres (3) años desde la fecha de la Resolución o por un cambio sustancial en sus circunstancias.

Insatisfecho, el señor Ayala Torres incoó una *Urgente Solicitud de Reconsideración.* En lo pertinente, argumentó lo siguiente: (1) que nunca fue notificado de la universidad a la cual sería matriculado su hijo CAF, aun cuando, tanto la señora Feliciano Portela, como la señora Portela Torres conocían su precaria situación económica. A esos efectos, alegó que, tratándose de una decisión unilateral no podía ser responsable por los gastos inherentes por dicho concepto. Añadió que: (2) el EPA determinó que, conforme la pensión alimentaria establecida, surgía un retroactivo de $5,238.00, el cual

recomendó que fuera satisfecho a razón de $218.25, por un término de 24 meses. Al respecto, esbozó que, de cumplir con lo anterior, contaría exclusivamente con $760.00 para sufragar sus obligaciones económicas y poder subsistir. Así, solicitó al TPI que ajustara el plan de pago, a razón de $87.30 por espacio de 60 meses. Además, reiteró que la señora Portela Torres era una parte indispensable en el pleito de autos.

Mediante *Resolución* dictada el 22 de agosto de 2022, el foro *a quo* denegó el petitorio del señor Ayala Torres. El tribunal expuso que no surgía del escrito fundamento o alegación alguna por la cual el señor Ayala Torres se oponía o estuviera en desacuerdo con la universidad a la que asiste su hijo. Añadió que tampoco surgía argumento alguno que estableciera que la universidad que se eligió para el menor no redundaba en su beneficio. Así, determinó que existía ausencia total en las alegaciones de la moción en cuanto a alternativa alguna de a qué universidad estaría asistiendo el menor si fuera removido de la universidad a la que asiste actualmente.

Por otro lado, el tribunal explicó que no incluyó como parte de la pensión mensual recurrente gasto alguno relacionado a la universidad del menor, sino que el señor Ayala Torres respondiera en el 46.53% de los gastos universitarios de CAF que no fueran cubiertos por las ayudas económicas. El TPI expresó que además se ordenó que la señora Feliciano Portela debía informarle al padre de sus hijos de las ayudas económicas recibidas por el menor, según las certificara la institución académica y las agencias pertinentes, luego lo cual se presentarían las facturas de aquellos gastos no cubiertos por las ayudas. En esa dirección, el foro de instancia aclaró que, una vez se presentaran dichas facturas, el señor Ayala Torres tendría la oportunidad de solicitar los remedios que establece la ley, de entender que las mismas no eran necesarias a la luz de los gastos de su hijo o irrazonables a la luz de su condición económica.

El 1 de diciembre de 2022, la señora Feliciano Portela presentó una *Moción en Solicitud de Desacato*. Arguyó que, a dicha fecha, el señor Ayala Torres no había realizado el pago correspondiente al 46.53% de los gastos escolares de los menores y los gastos universitarios no cubiertos por las ayudas económicas recibidas. Por lo anterior, requirió al TPI que citara a una vista de desacato e impusiera $500.00 por concepto de honorarios de abogado. El señor Ayala Torres se opuso al petitorio de desacato Alegó que hizo múltiples acercamientos a la madre de los menores para que se le brindara información relacionada a los beneficios que recibe CAF en la universidad, sin éxito. Añadió que, tanto la abuela, como la madre de los menores escondían información sobre los aludidos beneficios. Apuntaló que se encontraba en una situación económica sumamente delicada, pues el dinero que generaba apenas le alcanzaba para vivir. Argumentó que le parecía un fracaso de la justicia tener que cubrir gastos que no le fueron consultados, aun cuando su hijo universitario recibía beneficios sustanciales. Así, solicitó al Tribunal que ordenara a la señora Feliciano Portela y la señora Portela Torres proveer un desglose de todos los beneficios y ayudas que recibe el menor previo a tener que emitir cualquier pago.

El 13 de abril de 2023 se celebró una vista de desacato de alimentos, a la cual comparecieron las partes representadas por sus abogados. La representación legal del señor Ayala Torres argumentó sobre los ingresos y gastos de su representado y que se activara la reserva para el prorrateo, por entender que esta no fue aplicada en la Resolución emitida el 2 de agosto de 2022.

El 24 de abril de 2023, el señor Ayala Torres solicitó al TPI la notificación de la Minuta como Resolución debido a su interés de acudir ante este Foro. Consiguientemente, el tribunal de instancia notificó una *Minuta-Resolución* el 2 de junio de 2023, en la cual hizo

constar que le trajeron a su atención asuntos que fueron previamente juzgados y, además, "*ya transcurrió el término de 30 días para acudir al Tribunal Apelativo...*". Manifestó que, si existía un cambio en las circunstancias del caso, procedería la modificación de la pensión alimentaria. Aclaró que la reserva fue aplicada en la Resolución. Además, el tribunal expresó lo siguiente:

> El tribunal concedió un término de 45 días para un abono de $2,000.00. Se conceden tres meses adicionales para el pago del balance de $2,005.68.

> Se imponen $250 de honorarios de abogado por la presente vista. Luego de acreditar $100 de honorarios de abogado recibidos hoy en corte abierta, el balance quedaría en $650. Se concede un término de 45 días para el pago.

> De ser necesario, la licenciada Rodríguez someterá proyecto de orden a la universidad.

Posteriormente, el señor Ayala Torres instó otra solicitud notificación de Minuta como Resolución. En esta, insistió que el caso debía ser referido a la EPA y que la señora Portela Torres era parte esencial en el caso, por lo cual debía ser incluida. Esbozó que la *Minuta-Resolución* notificada por el foro primario recogió parcialmente lo ocurrido en la vista de desacato, más de esta surgía que no se atendieron todas sus peticiones. El 7 de julio de 2023, el TPI notificó la *Orden* que hoy revisamos, mediante la cual denegó lo solicitado por el señor Ayala Torres.

Inconforme, el señor Ayala Torres compareció ante este Tribunal en recurso de *certiorari.* En su escrito le imputó al TPI la comisión de los siguientes errores:

> Primer Error: Erró el TPI al no ordenar a la parte recurrida, en cumplimiento con su propia Resolución, a documentar todo lo solicitado y relacionado a los estudios universitarios del menor CAF, en la Universidad de Fordham en el Estado de New York.

> Segundo Error: Erró el TPI al no incluir a la recurrida Portela Torres, empleada federal, persona con custodia legal de los menores en los procesos para establecer una pensión alimentaria aun cuando esta, entre otras cosas, provee plan médico a los menores.

Tercer Error: Erró el TPI al no referir el caso para una modificación de pensión alimentaria a la Examinadora de Pensiones Alimentarias. Considerando la incapacidad económica del peticionario Ayala Torres y los exorbitantes e irrazonables supuestos gastos del menor.

El 5 septiembre de 2023, la señora Feliciano Portela presentó su alegato en oposición.

Mediante *Resolución* del 26 de septiembre de 2023, ordenamos al Hon. Eric M. Ruiz Pérez, juez del Tribunal de Primera Instancia, Sala de Agudilla, fundamentar la decisión recurrida, a tenor con la Regla 83.1 del Reglamento el Tribunal de Apelaciones. El 2 de octubre de 2023, notificada el 4 del mismo mes y año, el TPI dictó *Resolución*, cumpliendo así con lo ordenado. En esta, el foro primario enfatizó que cualquier cambio en las circunstancias de las partes que no haya estado presente en dichas instancias [2022], sí podría ser objeto de una modificación de la pensión alimentaria.

Así las cosas, procedemos a resolver.

**II.**

**A.**

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, resuelto el 8 de mayo de 2023; *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, resuelto el 12 de abril de 2023; *León v. Rest. El Tropical,* 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021);

*Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019).[1] Entre ellos se encuentran los casos de relaciones de familia.

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

---

[1] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra*.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas, por lo que le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

**B.**

Sabido es que los casos relacionados con los alimentos de los menores están revestidos del más alto interés público y que, en estos, el norte siempre es el bienestar del menor. *Díaz Rodríguez v. García Neris*, 208 DPR 706, 717 (2022); *Toro Sotomayor v. Colón Cruz,* 176 DPR 528, 535 (2009); *Argüello v. Argüello*, 155 DPR 62 (2001); *Figueroa Robledo v. Rivera Rosa,* 149 DPR 565, 572 (1999). La Constitución de Puerto Rico establece que la obligación de los progenitores de alimentar a sus hijos menores de edad es parte del derecho a la vida.[2] *De León Ramos v. Navarro Acevedo*, 195 DPR 157 (2016).

En el ámbito de los procedimientos legales para la imposición, revisión o modificación de una pensión alimentaria, la *Ley Orgánica de la Administración para el Sustento de Menores*, Ley Núm. 5 de 30 de diciembre de 1986, según enmendada, 8 LPRA sec. 501-529 (a), le exige al juzgador computar la misma mediante las *Guías*

---

[2] Art. II, Sec. 7, Const. ELA, LPRA, Tomo I.

*Mandatorias para Computar las Pensiones Alimentarias en Puerto Rico.*[3] En estas Guías se define el concepto de alimento como:

> "Todo lo indispensable para el sustento, habitación, vestido y asistencia médica del o de la alimentista según el ingreso familiar. Los alimentos comprenden también la educación e instrucción del o de la alimentista."[4]

De otro lado, el Código Civil de Puerto Rico[5] prescribe los derechos que cobijan a los menores, entre ellos el derecho de alimentos. El Artículo 653 de dicho cuerpo legal versa sobre el contenido de la obligación alimentaria y expone que:[6]

> Se entiende por alimentos todo lo que es indispensable para el sustento, la vivienda, la vestimenta, la recreación y la asistencia médica de una persona, según la posición social de su familia.
>
> Cuando el alimentista es menor de edad, los alimentos comprenden también su educación, las atenciones de previsión acomodadas a los usos y a las circunstancias de su entorno familiar y social y los gastos extraordinarios para la atención de sus condiciones personales especiales.
>
> 31 LPRA sec. 7531.

La obligación de alimentar al menor es inherente a la maternidad y a la paternidad, por lo que recae sobre los obligados desde el momento en el que la relación filial queda establecida legalmente, independientemente de las fuentes de las cuales emana la obligación de alimentar. *Díaz Rodríguez v. García Neris*, supra, pág. 718 (citas omitidas); *Santiago, Maisonet v. Maisonet Correa,* 187 DPR 550, 559 (2012). Esta obligación es personal de cada uno de los excónyuges, por lo que debe ser satisfecha del propio peculio y de forma proporcional a sus recursos y a la necesidad del menor una

---

[3] Reglamento Núm. 8529 del 30 de octubre de 2014 del Departamento de la Familia, ASUME, según enmendado por el Reglamento Núm. 8564 del 6 de marzo de 2015. Las Guías Mandatorias fueron emitidas de conformidad con el Artículo 19 de la *Ley Orgánica de la Administración para el Sustento de Menores*, supra.
[4] Artículo 7 (5) del Reglamento Núm. 8529.
[5] Código Civil de Puerto Rico, Ley Núm. 55-2020, según enmendada.
[6] Por su parte, el Art. 558 del Código Civil de Puerto Rico dispone los derechos que tienen los hijos. Estos son: (a) llevar el apellido de cada progenitor; (b) recibir alimentos por parte de ambos progenitores; (c) exigir en su favor la protección que surge de la patria potestad que sus progenitores ejercen sobre él; y (d) participar de la herencia de cada uno de los progenitores. 31 LPRA sec. 7104.

vez decretado el divorcio. *Pesquera Fuentes v. Colón Molina*, 202 DPR 93, 108 (2019).

La *Ley Orgánica de la Administración para el Sustento de Menores* y las *Guías Mandatorias* fomentan la uniformidad del principio de proporcionalidad. Al respecto, nuestro Tribunal Supremo expresó en *Díaz Rodríguez v. García Neris*, supra, pág. 719:

> A través de un descubrimiento de prueba amplio y compulsorio sobre la situación económica de las partes, las Guías permiten establecer de manera uniforme y equitativa la aportación monetaria de cada parte mediante criterios numéricos y descriptivos que toman en consideración los ingresos de los obligados y las necesidades de los menores. *De León Ramos v. Navarro Acevedo*, supra, pág. 170, *Santiago, Maisonet v. Maisonet Correa*, supra, pág. 564.

Por otro lado, sabido es que los decretos de alimentos son de carácter variable y que no constituyen cosa juzgada. *Figueroa v. Del Rosario*, 147 DPR 121, 128 (1998). Ello, porque están sujetos a ser revisados al paso de tres (3) años o en caso de que acontezca un cambio en las circunstancias que lo justifique. Es decir, si "hay un cambio sustancial en las circunstancias iniciales en que se determinó la pensión". *Íd.*; *Pesquera Fuentes v. Colón Molina*, supra, pág. 106. La justa causa puede consistir en: (1) variaciones o cambios significativos o imprevistos en los ingresos, la capacidad de generar ingresos, los egresos, los gastos, el capital del alimentante o alimentista, los gastos, las necesidades o las circunstancias del menor, o (2) cuando exista cualquier prueba de cambio sustancial en las circunstancias. *Pesquera Fuentes v. Colón Molina*, supra, pág. 107.

Un cambio sustancial en las circunstancias se define como "aquel que afecta la capacidad del alimentante para proveer los alimentos o las necesidades de los alimentistas" o "si la cantidad de manutención resulta en una cantidad diferente a la pensión corriente". *Íd.*; *McConnell v. Palau*, 161 DPR 734, 748 (2004).

**III.**

Debido a que la controversia bajo nuestra consideración versa sobre un asunto de alimentos, podemos revisar discrecionalmente la decisión recurrida vía el auto de *certiorari,* al palio de la Regla 52.1 de Procedimiento Civil, *supra.*

Mediante sus tres (3) señalamientos de error, el peticionario impugna la determinación del Tribunal de no ordenar a la recurrida documentar lo solicitado por este en relación con los estudios universitarios del menor CAF en la Universidad de Fordham en el estado de Nueva York. Añade que el foro primario erró al no incluir como parte en el caso a la abuela de sus hijos, la señora Portela Torres, a los efectos de establecer la pensión alimentaria, aun cuando ésta, entre otras cosas, le provee plan médico a los menores. Además, entiende que el TPI debió referir el caso a la EPA para modificar la cuantía de la pensión alimentaria de cual es responsable, considerando su situación económica y los gastos universitarios de CAF.

Por su parte, la recurrida esboza que el 29 de diciembre de 2022 se le envió a la representación legal del peticionario un correo electrónico con evidencia de los gastos universitarios y las ayudas del menor CAF para el semestre de enero de 2023. Resalta que dicha documentación fue evaluada por el TPI y, en la vista de desacato, testificó al respecto y fue contrainterrogada por la abogada del peticionario. Asimismo, destaca que se hizo responsable de los gastos universitarios anteriores a la radicación de la solicitud de revisión de pensión alimentaria, pues el peticionario no aportó nada. Argumenta que el foro primario le indicó al peticionario que presentara un proyecto de orden dirigido a la Universidad de Fordham para solicitar cualquier documento que estimara necesario, más este no lo presentó.

En cuanto al argumento de incluir como parte a la señora Portela Torres en el caso, la recurrida entiende que este demuestra frivolidad. En esencia, discute que este se haga destiempo, porque no se trajo a la atención del tribunal una vez establecida la pensión. Por último, la recurrida asevera que no procede referir el caso a la EPA, toda vez que la pensión se fijó en el 2022 y no han pasado los tres (3) años que dicta nuestro ordenamiento jurídico. Puntualiza que no aplica la excepción de modificar antes de ese tiempo, pues el peticionario no estableció cuáles fueron los cambios sustanciales en sus circunstancias.

Analizado el expediente con detenimiento, determinamos no ejercer nuestra función revisora. Desde su petición de reconsideración en cuanto a la pensión alimentaria establecida, instada el 18 de agosto de 2022 (la cual fue denegada y no se recurrió en apelación), el peticionario ha reiterado básicamente las mismas súplicas que incluye en el recurso de referencia. Ello quedó demostrado tras un examen de la contestación a la solicitud de desacato y las posteriores solicitudes de notificación sobre la Minuta concernida. Lo anterior demuestra que los argumentos y peticiones del peticionario fueron atendidos por el tribunal de instancia de forma apropiada. Por ende, como correctamente actuó el TPI, procedía denegar la *Solicitud Reiterando Solicitud de Notificación de Minuta como Resolución.*

Es importante puntualizar que, aun cuando se recurre de una determinación de alimentos en un caso de relaciones de familia, conforme a la Regla 52.1 de Procedimiento Civil, *supra*, concluimos que el TPI no abusó de su discreción ni la disposición recurrida es contraria a derecho.

Así, ante la ausencia de alguna de las instancias contempladas en la Regla 40 del Reglamento del Tribunal de

Apelaciones, 4 LPRA Ap. XXII-B, procede denegar la expedición del auto de *certiorari.*

## IV.

Por los fundamentos que preceden, se deniega la expedición del auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones