Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| KENNETH L. ÁLVAREZ CARRIÓN<br><br>Recurrido<br><br>v.<br><br>YELITZA PERALES MADERA<br><br>Peticionaria | KLCE202301342 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso número: CA2022RF00619<br><br>Sobre: Custodia |

Panel integrado por su presidente, el juez Bermúdez Torres, el juez Adames Soto y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 7 de diciembre de 2023.

Comparece ante esta Curia la parte peticionaria, Yelitza Perales Madera, mediante el recurso de epígrafe y nos solicita la revocación de la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina, el 23 de octubre de 2023, notificada al día siguiente. En el referido dictamen, el foro primario refirió el caso al examinador de pensiones alimentarias para la fijación de la pensión a la parte peticionaria en favor de la menor. Ello, efectivo a la fecha en que se le adjudicó la custodia de la menor a la parte recurrida, Kenneth L. Álvarez Carrión. Junto a su recurso, la parte peticionaria presentó una *Moción en Auxilio de Jurisdicción*.

Por los fundamentos que expondremos a continuación, se declara No Ha Lugar la *Moción en Auxilio de Jurisdicción*, se expide el auto de *certiorari* y se revoca el dictamen recurrido. Veamos.

**I**

El 9 de septiembre de 2022, Kenneth L. Álvarez Carrión (Álvarez Carrión o recurrido), incoó una *Demanda* sobre custodia en contra de Yelitza Perales Madera (Perales Madera o peticionaria).[1] En síntesis, solicitó la custodia monoparental de su hija menor de edad SMAP,

---
[1] Apéndice I del recurso, págs. 1-3.

Número Identificador

SEN2023 _____

procreada por las partes, quien, en ese momento, se encontraba bajo la custodia de Perales Madera.

Luego de los trámites procesales correspondientes, el 2 de abril de 2023, notificada el 4 del mismo mes y año, el Tribunal de Primera Instancia emitió una *Sentencia*, mediante la cual le otorgó la custodia de la menor a Álvarez Carrión.[2]

Posteriormente, el 18 de octubre de 2023, Álvarez Carrión instó una *Moción en Solicitud de Alimentos a Favor de la Menor de Edad, en Solicitud de Orden a la ASUME*.[3] En lo pertinente, solicitó que, a tenor con lo resuelto en la referida determinación de custodia, se refiriera el expediente al examinador de pensiones alimentarias correspondiente para la imposición de alimentos a favor de la menor por parte de Perales Madera.

Después de varias incidencias procesales, el 23 de octubre de 2023, notificada al día siguiente, el Tribunal de Primera Instancia emitió la *Orden* que nos ocupa, la cual reza como sigue:

> Reevaluado el expediente[,] se refiere el caso al EPA para que fije una pensi[ó]n alimentaria a la demandada (persona no custodia) en favor de la menor, **efectivo al 2 de abril de 2023, cuando se dict[ó] Sentencia otorg[á]ndose la custodia de la menor al demandante**.[4] (Énfasis nuestro).

Así las cosas, el foro primario señaló una vista de alimentos para el 8 de diciembre de 2023.[5]

En desacuerdo, el 6 de noviembre de 2023, Perales Madera presentó un escrito intitulado *Cumplimiento de Orden-Réplica-Reconsideración*.[6] En lo aquí atinente, argumentó que, tanto el Artículo 667 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 7563, como el Artículo 19 de la *Ley Orgánica de la Administración para el Sustento de Menores*, Ley Núm. 5 de 30 de diciembre de 1986, según enmendada, 8 LPRA sec. 518 (Ley de ASUME), disponen que el momento determinante para el pago de alimentos era la fecha de su reclamación. Especificó que

---

[2] Apéndice VI del recurso, págs. 14-15.
[3] Apéndice XI del recurso, págs. 24-25.
[4] Apéndice XVI del recurso, pág. 31.
[5] Apéndice XIX del recurso, págs. 34-36.
[6] Apéndice XXIII del recurso, págs. 51-53.

la retroactividad de la pensión alimentaria debía ser a la fecha de la solicitud de alimentos, es decir, al 18 de octubre de 2023, no a la fecha en que se dictó la *Sentencia* de custodia el 2 de abril de 2023.

Atendido el petitorio, el 7 de noviembre de 2023, notificada el 14 del mismo mes y año, el foro *a quo* emitió una *Orden* en la cual declaró No Ha Lugar la reconsideración.[7]

Inconforme con dicha determinación, el 30 de noviembre de 2023, la parte peticionaria acudió ante nos mediante el recurso de epígrafe y realizó el siguiente señalamiento de error:

> Erró el Honorable Tribunal de Primera Instancia al determinar que la pensión alimentaria será efectiva al 2 de abril de 2023, fecha en que se dictó sentencia de custodia y no a la fecha de la solicitud de alimentos que fue el 18 de octubre de 2023.

Junto a su recurso, presentó una *Moción en Auxilio de Jurisdicción.* Examinado el recurso y la referida solicitud, el mismo día, emitimos una *Resolución* mediante la cual le otorgamos un término breve a la parte recurrida para que se expresara en torno a ambos escritos. Ha transcurrido mayor término a lo concedido sin que el recurrido haya acreditado escrito alguno ante esta Curia, por lo que procedemos a resolver sin el beneficio de su comparecencia.

**II**

**A**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 2023 TSPR 65, 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, 211 DPR ___ (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

---

[7] Apéndice XXIV del recurso, pág. 54.

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

[. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra. Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A)   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B)   Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D)   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)   Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F)   Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**B**

Sabido es que la obligación de los padres y madres de alimentar a sus hijos e hijas menores de edad es parte al derecho a la vida consagrado en la Sección 7 del Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico, LPRA, Tomo I. Por tal razón, los casos de alimentos de menores están revestidos del más alto interés público, siendo el interés principal el bienestar de estos. *Díaz Rodríguez v. García Neris*, 208 DPR 706 (2022); *Díaz Ramos v. Matta Irizarry*, 198 DPR 916, 927 (2017); *De León Ramos v. Navarro Acevedo*, 195 DPR 157 (2016). Esta obligación emana de la relación filial y se origina desde el momento en que la paternidad o maternidad queda legalmente establecida. *Íd.*; *Fonseca Zayas v. Rodríguez Meléndez,* 180 DPR 623, 632-633 (2011). Conforme a lo anterior, la Asamblea Legislativa ha legislado para procurar que los padres, madres o personas legalmente responsables contribuyan a la manutención y bienestar de sus hijos, hijas o dependientes. Ello, mediante el fortalecimiento de los sistemas y la agilización de los procedimientos administrativos y judiciales para la determinación, recaudación, así como la distribución de las pensiones alimentarias. *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 712 (2014); 8 LPRA sec. 502. A tales fines, la Exposición de Motivos de la Ley de ASUME, *supra*, promueve como política pública del Estado Libre Asociado de Puerto Rico que, los padres, madres o personas legalmente obligadas asuman la responsabilidad que tienen para con sus hijos e hijas.

Con el propósito de lograr que dicha política se cumpla, se ha legislado con el fin de crear procedimientos justos, rápidos y económicos que garanticen el pago de las pensiones alimenticias a ese sector. Para lograr su encomienda, el Artículo 12 de la Ley de ASUME, 8 LPRA sec. 511, provee el mecanismo para acudir al Tribunal mediante un procedimiento judicial expedito. En esta, los procedimientos judiciales comenzarán con la presentación de un escrito que contenga toda la información disponible y verídica bajo juramento o afirmación con

apercibimiento de perjurio, sobre la parte peticionaria, sobre el alimentante (o posibles alimentantes) y sobre el alimentista. Una vez presentada la petición de alimentos, dicho articulado estatuye que la secretaria del tribunal procederá de inmediato a señalar la vista ante el examinador de pensiones. 8 LPRA sec. 514.

Una vez terminado el proceso de investigación, **se establecerá la pensión correspondiente, tomando en consideración que el pago de la pensión será efectivo desde la fecha en que se presentó la petición de alimentos**. Art. 19 de la Ley de ASUME, 8 LPRA sec. 518; *Quiles Pérez v. Cardona Rosa*, 171 DPR 443, 455 (2007). Conforme a ello, el Tribunal Supremo de Puerto Rico ha resuelto que el momento determinante del pago de los alimentos es a la fecha de su reclamación, por lo cual los alimentos se abonarán a partir del momento en que se exijan judicialmente. *Quiles Pérez v. Cardona Rosa*, supra, citando a *Pueblo v. Zayas Colón*, 139 DPR 119, 125 (1995).

Por otro lado, precisa destacar que, fijada la pensión alimentaria, siempre estará sujeta a revisión y puede modificarse ante un cambio sustancial en las circunstancias personales del alimentante o del alimentista. Así, pues, salvo circunstancias extraordinarias, tal revisión podrá darse en un plazo de tres (3) años, desde la última fijación. Art. 19(c) de la Ley de ASUME, 8 LPRA sec. 518(c); *Figueroa v. Del Rosario*, 147 DPR 121, 128 (1998).

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

La parte peticionaria plantea que el Tribunal de Primera Instancia incidió al determinar que la pensión alimentaria en favor de la menor será efectiva desde que se dictó la *Sentencia* de custodia el 2 de abril de 2023, y no a la fecha de la solicitud de alimentos el 18 de octubre de 2023. En particular, sostiene que la retroactividad de la pensión alimentaria debe ser

a la fecha de la solicitud de alimentos, que en este caso fue posterior a la sentencia de custodia.

Luego de un examen sosegado del expediente ante nos, entendemos que, conforme lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*, tenemos autoridad para atender el asunto ante nuestra consideración, por tratarse de un caso de relaciones de familia y por encontrarnos en la etapa procesal adecuada para intervenir. De igual forma, dicho señalamiento de error cumple con los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, por lo que procede expedir el auto de *certiorari* y revocar el dictamen recurrido. Nos explicamos.

Sabido es que la Ley de ASUME, en su Artículo 19, establece de forma clara que el pago de la pensión alimentaria será efectivo desde la fecha en que se presentó la petición de alimentos. Es decir, el momento determinante del pago de los alimentos es a la fecha de su reclamación. Por consiguiente, los alimentos se abonarán a partir del momento en que se exijan judicialmente.

Surge del expediente ante nos que la parte recurrida realizó la petición de alimentos el 18 de octubre de 2023, mediante *Moción en Solicitud de Alimentos a Favor de la Menor de Edad, en Solicitud de Orden a la ASUME*. Sin embargo, el foro *a quo* resolvió que la eventual fijación de la pensión alimentaria en cuestión se retrotraía al 2 de abril de 2023, cuando dictó la *Sentencia* sobre custodia. Dicho proceder se aparta de lo dispuesto por nuestro ordenamiento jurídico. En conclusión, se cometió el error señalado.

En vista de lo anterior, concluimos que el Tribunal de Primera Instancia incidió en su proceder, por lo que se hace necesaria nuestra intervención en esta etapa de los procedimientos, pues la disposición de la determinación recurrida es contraria a derecho y, el no intervenir, podría resultar en un fracaso irremediable de la justicia. Por consiguiente, y al

amparo de lo dispuesto en nuestro ordenamiento jurídico, procede la expedición del auto de *certiorari* y la revocación de la *Orden* recurrida.

**IV**

Por los fundamentos que anteceden, declaramos No Ha Lugar la *Moción en Auxilio de Jurisdicción*, expedimos el auto de *certiorari*, revocamos el dictamen recurrido y devolvemos el caso al foro primario para la continuación de los procedimientos conforme a lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

**Notifíquese inmediatamente**.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones